MARY JANE BAILEY *vs.* CURTIS P. CHESLEY.

A complaint under the bastardy act, Rev. Sts. *c.* 49, is a civil process within the law allowing amendments, and may be amended by the insertion of a middle letter to the respondent's name.

After such amendment, and parol evidence of the identity of the respondent with

the person prosecuted before the magistrate, the record of such proceedings is admissible, notwithstanding the discrepancy of name.

To constitute the mother of an illegitimate child a competent witness on a complaint under Rev. Sts. *c.* 49, § 3, she need not at the time of her travail declare, in so many words, the respondent to be the father of the child, nor need her declaration be in answer to interrogatories by others.

COMPLAINT under the bastardy act, Rev. Sts. *c.* 49. To the complaint filed in the court of common pleas, against Curtis Chesley, the respondent filed a plea in abatement for the omission of the middle letter P. The presiding judge, *Byington*, J. allowed the complaint to be amended in that particular, to which the respondent excepted.

The complainant then offered the record of the proceedings before the magistrate, against Curtis Chesley, with parol evidence of his identity with the respondent, to which the respondent objected, but the judge admitted the evidence of identity, and then the record itself.

The complainant to qualify herself as a witness, under Rev. Sts. *c.* 49, § 3, offered the deposition of Priscilla E. Parker, who deposed, that " during the pains of her travail, the complainant called upon Mr. Chesley, as being the father of her child, at almost every pain. She said, ' Oh, dear, I am left in this situation by Mr. Chesley, I wish he had to suffer, as well as I.' I did not ask Miss Bailey who was the father of her child. I told her, she must be quiet. She said, ' Oh dear, how can I be, when I am left in this situation by Mr. Chesley.' She spoke of no other man during all her pains. She said, ' If Mr. Chesley had done as he promised, she might have been married and happy, instead of suffering as she was.' She did not in any other way than as above, state that Mr. Chesley was the father of her child. She did not at any time say *that*, in so many words." Upon this evidence, the judge admitted the complainant as a competent witness, and the respondent being convicted, excepted to all the foregoing rulings.

*J. S. Keyes*, for the respondent.

*M. G. Cobb*, for the complainant.

SHAW, C. J. These exceptions cannot be sustained. The proceeding in bastardy is so far a civil action, that the

complainant institutes it for her own benefit; she can control
and discharge it; it is her suit, and is within the law allowing
amendments. The parties were before the court; the defend-
ant was there pursuant to his bond, given on the original
complaint, when arrested. Besides; he appeared and pleaded
in abatement.

The record also was rightly admitted; the question was,
whether she had complied with the law in having made a
complaint before a magistrate, against the same person de-
fending; it was the identity of person, not of name, which
was in question. The very proceeding in court, the plea in
abatement and amendment, would show that he was origi-
nally charged under the name of Curtis Chesley, and that in
consequence of his plea in abatement to the complaint filed
in court, which he had a right to make, the amendment was
allowed; because, if a judgment were to be entered for or
against him, he had a right to have it prosecuted in his true
name, that he might not be again vexed by another prosecu-
tion in another name. After the record had been so amended,
it was proper to show that the complaint, though against a
person of another name, was against the same person in fact,
and evidence was rightly admitted for that purpose.

Apparently the most formidable exception was, that the
complainant did not charge the defendant as the father of her
child, during the time of her travail; but this is not sustained
by the fact. The statute requires no particular form of
words in which to make the accusation; it is sufficient, if in
any intelligible language, she designates any person as the
father. And although the words of the statute are, "being
put upon the discovery of the truth in the time of her travail,"
nearly in the same language as the statute of 1785, *c.* 66, yet
it is held that she need not be interrogated by another person;
but if she volunteers to declare the father of the child during
her travail, it is an accusation within the statute. *McManagil
v. Ross,* 20 Pick. 99. As to the fact, the case contains the
deposition of Mrs. Parker, who was with the complainant
during the pains of travail, which were long and severe.
She repeatedly called the name of Mr. Chesley, complained

that she had been left in this situation by Mr. Chesley, that if he had done as he had promised she might have been married and happy, instead of suffering as she was, and she named no other man. We can have no doubt that the witness was right in her conclusion, that the complainant called upon Mr. Chesley as being the father of her child, though " she did not say *that* in so many words."

*Exceptions overruled, and case remitted to the civil term of the court of common pleas, for further proceedings.*